IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CITY OF GADSDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 99-RRA-1887-M |
| ) | |
| UNITED CAPITOL INSURANCE ) | |
| COMPANY; CARIBOU INSURANCE ) | |
| AGENCY, INC., COONEY, RICKARD ) | |
| & CURTIN, INC., BRITT DEMO & ) | |
| RECYCLING, INC., and ) | |
| FIXTURES, INC., ) | |
| ) | |
| Defendants. ) | |

**ENTERED** JUL 2 4 2000

## MEMORANDUM OPINION

In a previous state lawsuit, filed in 1998, the City of Gadsden sued Fixtures, its lessee. The complaint alleged that Fixtures had been behind on its rent. The City gave Fixtures notice to vacate the premises, and an opportunity to remove its personal property before the demolition contractor, Britt Demo, began demolition of the premises. The complaint further alleged that Fixtures ceased use of the property before demolition began, but some of its personal property was left and had to be removed and stored. As damages, the City sought unpaid rent and the costs of removing Fixtures' personal property. Fixtures counterclaimed, claiming wrongful eviction and conversion of its personal property. The City responded by filing a third party complaint against Britt, alleging that, under the terms of their contract, Britt

must indemnify the City if it were found liable to Fixtures on the counterclaim.

Then, in 1999, the City filed another lawsuit, also in the Circuit Court of Etowah County, this time seeking a declaratory judgment. In addition to Britt Demo & Recycling, Inc., and Fixtures, Inc., the City has also named as defendants United Capitol Insurance Company, Caribou Insurance Agency, Inc., and Cooney, Rickard, & Curtin, Inc. The City's complaint realleges Britt's duty to procure and maintain insurance for losses connected with its demotion work. Capitol sold such a policy of insurance to Britt, wherein, the complaint alleges, the City as well as Britt were named as insureds. Thus, the City made demand upon Capitol to defend it against the counterclaim. The complaint further asserts that this demand was rejected by Capitol on the ground that there was no certificate of insurance on file in Capitol's offices showing the City as an insured. The plaintiff alleges that Caribou, along with CR&C, were agents or brokers or producers or retailers or wholesalers of or for Capitol Insurance during the relevant time periods, and states Fixtures' counterclaim in the 1988 lawsuit. The City seeks the following judicial declarations:

> (a) That the City is entitled to a defense and indemnification regarding the claims set forth against the City in the counterclaim in City of Gadsden vs. Fixtures, Inc., CV-98-504-RSM;
>
> (b) That the City is entitled to recover from defendants attorneys' fees incurred to date in defending the above referenced counterclaim;
>
> (c) That the City is entitled to recover from defendants expenses of litigation incurred to date in defending the above referenced counterclaim;

>   (d) That the City is entitled to recover from defendants expenses of litigation and attorneys' fees incurred in filing this declaratory judgment action;
>
>   (e) That the City is entitled to recover from defendants expenses of litigation and attorneys' fees incurred in litigating this declaratory judgment action.

*Complaint for Declaratory Judgment,* at 4-5. Britt, Caibou, and Cooney, Rikard & Curtin, Inc. filed Rule 12 (b) motions to dismiss in state court. Later, United timely removed to this court, asserting diversity jurisdiction. United stated in its Notice of Removal that the basis for the City's requested relief, as well as the requested items of relief themselves, are based solely on the insurance policy's allegedly insuring the City, and, therefore, the other defendants, all of whom are Alabama citizens, were fraudulently joined. The City has filed a motion to remand.

### Lack of Consent of Alabama Defendants

The City first contends that removal was improper because the "Alabama defendants" did not consent to or join in the removal. Consent of fraudulently joined defendants, however, is not required. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996).

### 1999 Case Improperly Filed As Duplicative Or Successive

United also claims that any relief the plaintiff might obtain against the Alabama

3

defendants is already at issue in the first state court case, and, therefore, under ALA. CODE § 6-5-440, 1975, they are improper parties in the second case.  United cites *English v. ALFA Mutual Ins. Co.*, 554 So.2d 1021 (Ala. 1989).  In this case the trial court held that an ALFA policy did not provide coverage for English, who was the driver of a vehicle insured by Parker Produce, based on its finding that English used the pick-up truck without authorization from Parker.  The Alabama Supreme Court reversed on the ground that the issue of whether English was an employee of Parker Produce at the time of the accident was a pending issue in the underlying negligence action.  The court stated:

> The general rule in Alabama is that a declaratory judgment as to insurance coverage requiring an adjudication of the same issue as that in a prior pending action is not appropriate. *Sparks Construction Co. v. General Mutual Insurance Co.*, 334 So.2d 897 (Ala.1976). Moreover, to permit such a declaratory judgment would sanction the use of declaratory relief as a vehicle to determine the sufficiency of defenses to a pending action. Id. We have stated:
> > "The availability of declaratory judgment as a means of establishing an insuror's liabilities and duties vis-a-vis an insurance policy during the pendency of a suit against an insured and to which the insuror has not been made a party has long been recognized by the courts of this State. As a prerequisite to declaratory judgment, the pending suit against the insured must be postured so that it does not afford an adequate judicial determination of the insuror's rights and liabilities. Thus:
> > > " 'Jurisdiction of a declaratory judgment action will not be entertained if there is pending at the time of the declaratory judgment action another action or proceeding to which the same persons are parties, and in which are involved and may be adjudicated the same identical issues that are involved in the declaratory judgment action.' "
> *Home Insurance Co. v. Hillview 78 West Fire District*, 395 So.2d 43, 44 (Ala.1981) (citations omitted) (emphasis added). See also *Cotton States Insurance Co. v. Marsh*, 551 So.2d 293 (Ala.1989).
> > In *Home Insurance Co.*, the issue presented in both the declaratory judgment action and the negligence actions was whether a passenger in the vehicle was an "employee." Likewise, in the present case, the threshold issue in

both the declaratory judgment action and the pending civil case is whether English was an "employee."

*Id.* at 1022. The state supreme court held that declaratory relief was improper, and reversed. This court does not see an identical issue in the 1988 and 1999 cases. Moreover, if the instant case could be considered a successive action, it appears that the issue would not be whether the motion to remand should be granted, rather the case should be dismissed.

<u>Causes of Action</u>

The Alabama defendants assert that the complaint fails to state a claim against them. Although the court is not, at the present, ruling on the motions to dismiss for failure to state a claim, the allegations in the City's complaint must be examined to determine whether the Alabama defendants have been fraudulently joined. As to Caribou and CR&C, the complaint states only that they were agents or brokers or producers or retailers or wholesalers of or for Capitol Insurance during the relevant time periods. But the City argues that there is more:

> The defendants, at the least, represented to the City that it was an insured under the contract in question, and there are certainly inherent rights, obligations, or responsibilities rising out of that representation.... [T]he third parties, the defendants in this case, have represented that the City is an insured, and the certificate and policy are prima facie evidence of the truth of this fact. At least one of the defendants had to prepare the certificate.... If United wants to argue that none of the Alabama defendants prepared the certificate, then it must admit that it did and that the document was on file with United Capitol, which would mean that there was not valid basis for denial of the City's claim.

City's *Response To Defendants' Opposition To Motion To Remand*, Crt. Doc. # 12, at

5

3. However, there are no such allegations in the complaint, and no relief is sought against these defendants. As to Fixtures, the complaint merely states that Fixtures filed a counterclaim against the City in the 1998 case, and the complaint requests no relief from it. Withe regard to Britt, the complaint states that Britt had a contract with the City to demolish the building which was partially occupied by Fixtures, that the contract required Britt to procure and maintain certain insurance coverage, and that the counterclaim in the 1998 case is based on Britt's alleged wrongful disposal of Fixtures' personal property, and the City requests no relief from it. The court agrees that the City has not stated a cause of action against any of the Alabama defendants.

### "Interested Defendants"

The City, however, additionally asserts that the Alabama defendants have an interest in the outcome of this action. The City cites Rules 19 and 20 and refers to the Federal Declaratory Judgment Act. Rule 19(a) of the federal and state rules of civil procedure states:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest....

6

Rule 20 states, in part:

> All persons... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

As to declaratory judgment actions, the City quotes <u>American Jurisprudence</u>:

> Regarding joinder of parties in declaratory judgment actions, 22Am.Jur.2d § 212 provides, in part, as follows:
> Under the Federal Declaratory Judgment Act, the court may declare the rights of any "interested party."
> In declaratory judgment suits in federal courts, the general principles of joinder are controlling. To avoid partial disposition of the controversy, all persons who have an interest in the determination of questions raised in a declaratory judgment action should be before the court. **All parties** having an interest in the declaration sought or **who would be adversely affected** by the declaration must be made parties or be cited. Persons only having a contingent interest in the actions may still be compelled to appear as parties in an action for declaratory relief.
>
> *Id.*, emphasis added.

City's *Response To Defendant's Opposition To Motion To Remand*, Ct. Doc. 12, at 4.

The City states that Caribou and CR&C, "who by virtue of the Certificate of Insurance and policy of insurance issued to Britt, represented to the City that it was an additional insured, have an interest in whether coverage is obtained, since the City may have claims against these defendants for fraud and/or suppression." Plaintiff's *Motion To Remand*, at 4. Again, there are no such allegations against Caribou or

CR&C.

With respect to Fixtures, the City asserts that "Fixtures, Inc. has an interest in the action, since Fixtures has filed a cross-claim against Britt." *Id.* While Fixtures certainly would want its counter-defendant to have the resources to pay any judgment it might obtain in the underlying lawsuit, it is thought that this kind of interest is not the legal interest envisioned by the law. Fixtures itself has, by virtue of its motion to dismiss, disavowed any such interest.

Finally, the City makes this contention:

> As asserted in the declaratory complaint, one condition of the contract between Britt and the City of Gadsden was Britt's requirement to obtain insurance and name the City as an additional insured. One basis of the third party complaint against Britt in the underlying action is the indemnity provision of the contract between the City and Britt. Certainly, the named insured under the contract of insurance in question, Britt, who was required under his contract with the City to obtain the very insurance which has now been denied to the City, and who is a third party defendant to the underlying action, is a proper party to the declaratory judgment action.

*Id.* at 3-4.

In response, United states:

> As an alleged additional insured, plaintiff has its own rights under the policy and can pursue a direct cause of action under the policy. In other words, no relief (if any) to which plaintiff might be entitled from UCIC depends upon the presence or absence of Britt, and there is no dispute in this case between Britt and UCIC. Rule 19 of the Federal Rules of Civil Procedure dictates that a party is indispensable <u>only</u> when that party is necessary to give complete relief to the current parties or if the non-party's interest would be prejudiced if not made a party. *See, e.g., Spartech Corp. v. Otter,* 890 F.2d 949, 954 (7th Cir. 1989) ("The test for an indispensable party is whether justice cannot be done unless it is joined.") Britt simply is not indispensable for purposes of adjudicating whether there is or is not coverage under the UCIC policy of the plaintiff.

United's *Reply Memorandum of United Capitol Insurance Company In Opposition To Plaintiff's Motion To Remand*, at 2-3.

Britt itself expressly states that its interests are not involved in this declaratory judgment lawsuit:

> The issue presented is whether the policy issued by United Capitol Insurance Company provides insurance coverage to the City of Gadsden, an issue which does not involve this defendant. Moreover, this defendant did not function as the insurer, and the complaint fails to state any complaint against Britt Demo and Recycling, Inc., by which relief can be granted. In fact, aside from merely referring to this defendant as an Alabama corporation doing business in Etowah County, Alabama, and averring that the City of Gadsden entered into a contract whereby Britt agreed to procure and maintain certain insurance coverages, which Britt did, in fact, do, the complaint fails to make any allegations of wrong doing against this defendant, Britt Demo and Recycling, Inc., and fails to state any causes of action against this defendant.

Britt's *Motion To Dismiss*.

Britt might come the closest of the Alabama defendants to appearing to have an interest in the outcome of this case. As it is understood, however, Britt's contractual responsibility to the City was to obtain insurance and to indemnify the City for any loss it might suffer as a result of Britt's demolition of the City's building. From all that appears, Britt has insurance coverage through its Union policy, United is defending Britt in the underlying case, and Britt would be able to comply with the indemnity portion of its contract with the City. If the City is named along with Britt as an insured, as the City alleges in its complaint, that fact, if true, might have some advantage for the City, but, as Britt states, whether the City, just like Britt, is an insured under the Union policy, is not really any of Britt's business from a legal

standpoint. Again, no relief is requested by the City of the Alabama defendants. Wherefore, it is concluded that none of the Alabama defendants has a legal interest in the outcome of this declaratory judgment action.

## **MOTIONS TO DISMISS**

As it has been determined that the Alabama defendants have been "fraudulently joined," in the sense that term is used in the remand context, the motion for remand is due to be denied, and the Alabama defendants' motions to dismiss are due to be granted.

An order will be entered in accordance with this memorandum opinion.

DONE this 24th day of July, 2000.

*[signature]*
Robert R. Armstrong, Jr.
United States Magistrate Judge